IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------

| | | |
|---|---|---|
| BRIANA V. MILLER | : | CIVIL ACTION NO. 17-cv-990 |
| Plaintiff, | : | |
| v. | : | COMPLAINT |
| STERLING INFOSYSTEMS, INC. | : | |
| Defendant. | : | JURY TRIAL DEMAND |

------------------------------------------------------x

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer, Briana V. Miller, against Defendant Sterling Infosystems, Inc. for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C §§ 1681 *et seq.*, as amended.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331 and 1337.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Briana V. Miller is an adult individual residing in Hyattsville, MD.

5. Defendant Sterling Infosystems, Inc. ("Sterling") is a consumer reporting agency that regularly conducts business in the Southern District of New York and which has its principal place of business located at 1 State Street Plaza, 24th Floor, New York, NY.

## FACTUAL ALLEGATIONS

6. In or around July 2016, Plaintiff applied for employment with U.S. Securities Associates.

7. Plaintiff interviewed for the position and was provisionally hired by U.S. Securities Associates contingent upon a background check.

8. U.S. Securities Associates requested from the Defendant, and the Defendant sold to U.S. Securities Associates, a consumer report concerning the Plaintiff on or around July 21, 2016.

9. The consumer report furnished by Defendant was for employment purposes.

10. This consumer report contained at least one item of information which was a matter of public record and the type of information that was likely to have an adverse effect upon Plaintiff's ability to obtain employment generally, and specifically, with U.S. Securities Associates.

11. Defendant has been reporting, and did here report, derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's criminal history to third parties (hereafter the "inaccurate information").

12. The inaccurate information includes an inaccurate criminal offense record labeling the Plaintiff as a convicted felon, and personal identifying information. This record appears on the consumer report Defendant sold about Plaintiff as follows: "Attempt Possess Within Distribute Controlled Substance" and "possess drug paraphernalia."

13. The inaccurate information grossly disparages the Plaintiff and portrays her as a felon, which she is not. There is perhaps no greater error that a consumer reporting agency can

make.  The inaccurate information consists of incorrect statements which misrepresent her criminal history as well as incorrect personal identifying information.

14. The derogatory inaccuracies appear to be caused by the Defendant mixing Plaintiff, Briana V. Miller's consumer report with that of different consumers; Brian A. Miller and Bryant Arthur Miller.  Any rudimentary inspection of the data would reveal the inaccuracies.  Defendant obviously failed to employ such a procedure.

15. In creating and furnishing the Plaintiff's consumer report, Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about the Plaintiff.  For example, Defendant allowed and/or used very loose matching criteria to determine whether to include information pertaining to a stranger, with a different first and middle name and a different address, within Plaintiff's consumer report.

16. Upon information and belief, the Plaintiff alleges that Defendant never sent a notice letter as required by 15 U.S.C. § 1681k(a)(1).

17. Additionally, Defendant does not maintain strict procedures designed to ensure that the public records information it reports is complete and up to date, as required by 15 U.S.C. § 1681k(a)(2).  If Defendant had maintained such procedures, it would not have criminal records belonging to other individuals reporting on Plaintiff's consumer report.

18. Plaintiff has applied for and has been denied for employment opportunities, including but not limited to, U.S. Securities Associates in July 2016.  Plaintiff was informed that the basis for and/or substantial factor for this denial was the inaccurate information that appears on Plaintiff's consumer report that Defendant, Sterling sold.

19. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost employment opportunity, harm to reputation, and emotional distress, including anxiety, frustration, humiliation and embarrassment.

20. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of its agency or employment, and under the direct supervision and control of the Defendant herein.

20. At all times pertinent hereto, the conduct of the Defendant as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

### COUNT I – VIOLATIONS OF THE FCRA
### (PLAINTIFF v. STERLING)

21. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

22. At all times pertinent hereto, Defendant was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

23. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

24. At all times pertinent hereto, the above-mentioned consumer reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

25. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e(b) and 1681k(a).

26. The conduct of Sterling was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are

outlined more fully above and, as a result, Sterling is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

27. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

(e) Such other and further relief as may be necessary, just and proper.

DATED: February 3, 2017
New York, NY

Respectfully Submitted,

Adam G. Singer
Law Office of Adam G. Singer, PLLC
60 E. 42nd Street, Suite 4600,
New York, NY 10165
asinger2@alumni.law.upenn.edu
212.842.2428
Attorney Bar # AS7294
***Attorney for Plaintiff***